UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| CONNIE J. THACKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 5:20-CV-50-JMH-MAS |
| | ) | |
| ETHICON, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION & ORDER**

The issue before the Court is whether Defendants Ethicon, Inc. and Johnson & Johnson ("Ethicon") are entitled to information concerning the compensation of Plaintiff Connie J. Thacker's expert witness, Dr. Bruce Rosenzweig, M.D. Ethicon has filed a motion to compel such information that stands fully ripe. [DE 111]. As detailed below, the Court denies Ethicon's motion as the Court lacks jurisdiction over the requests separately directed to Dr. Rosenzweig.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

In 2012, Thacker brought suit against Ethicon alleging that Ethicon's pelvic mesh implant, designed to treat stress urinary incontinence and related conditions, caused her significant physical and emotional damages. [DE 1]. Thacker asserts several claims against Ethicon stemming from the implant, including failure to warn, strict liability, negligence, breaches of warranties, fraud, and loss of consortium. [*Id.*, ¶¶ 46–149]. Thacker further requests an award of punitive damages. [*Id.*, ¶¶ 150–162]. The lawsuit was consolidated for pretrial discovery as part of the multidistrict litigation ("MDL") then pending in the Southern District of West Virginia. [DE 4].

In support of her position, Thacker has retained the expert services of Dr. Rosenzweig. At issue in the current motion is Dr. Rosenzweig's compensation in serving as an expert. To date, as

1

part of Thacker's Rule 26 expert disclosures and Dr. Rosenzweig's deposition, the following information has been disclosed: (1) Dr. Rosenzweig charges $750 per hour in reviewing documents and preparing his opinion; (2) Dr. Rosenzweig charges $1,500 per hour in providing deposition testimony; (3) Dr. Rosenzweig has provided invoices for the work performed in this matter; and (4) Dr. Rosenzweig has received approximately over $8 million in compensation in representing various plaintiffs in pelvic mesh litigation. [DE 167, Page ID# 5966-67].

Ethicon does not dispute that it possesses this information. Rather, Ethicon seeks additional information from Dr. Rosenzweig, including:

> The total dollar amount [Dr. Rosenzweig] billed to and paid by all plaintiffs or claimants combined;
>
> The total dollar amount of additional fees Dr. Rosenzweig expects to receive in the future from all plaintiffs or claimants combined;
>
> Invoices, time sheets, and billing records (or 1099 tax returns if invoices are not available) for any pelvic mesh case in which Dr. Rosenzweig acted as an expert who generated a report or appeared to testify in either deposition or at trial for the last five years; and
>
> The law firm that retained Dr. Rosenzweig.

[DE 111, Page ID# 954-55]. Ethicon believes this information is relevant to demonstrate Dr. Rosenzweig's general bias given the volume of fees he has garnered for his work.

Ethicon has sought this information through two procedural steps. First, Ethicon served Dr. Rosenzweig with a direct subpoena duces tecum under FED. R. CIV. P. 45. Second, Ethicon attached a subpoena duces tecum to Dr. Rosenzweig as part of the notice of deposition. [DE 104]. Although the Court has not seen the former, the arguments of the parties suggest both subpoenas seek similar information as identified above. The latter, however, is the basis for Ethicon's current motion.

## II.    ANALYSIS

Ethicon charts three possible paths to obtain Dr. Rosenzweig's compensation information and attempts to guide the Court down two of them.  First, Ethicon seeks to compel supplementation of Thacker's expert disclosures under Rule 26.  However, the Court finds Thacker's obligations in this regard satisfied and rejects the effort.  The Court likewise rejects path two, Ethicon's attempt to functionally circumvent Rule 45's jurisdictional bounds by incorporating a mirroring request in its deposition notice.  And, as even Ethicon acknowledges, the third path—Rule 45 subpoena enforcement—is unavailable to this Court in the current posture.

At the outset, Ethicon contends that Thacker must provide the information concerning Dr. Rosenzweig as part of some greater compliance with FED. R. CIV. P. 26.  Thacker has all but conceded that the sought information is generally relevant and discoverable, but she counters that Dr. Rosenzweig has already produced the compensation information.  Rule 26(a)(2)(B) states, in relevant part, that an expert witness must disclose "a statement of the compensation to be paid for the study and testimony in the case."  Dr. Rosenzweig indeed has provided that information, as Thacker argues.  Ethicon's request, as set forth in the subpoena, seeks information well beyond the scope of any disclosure required by FED. R. CIV. P. 26.  Consequently, the solution to Ethicon's request does not lie with FED. R. CIV. P. 26.

Contrary to Thacker's contention, however, the compensation information provided to date via Rule 26 is nowhere near the details sought by Ethicon in the subpoena.  If asked to answer to all or some of the categories of information sought in the subpoena, Dr. Rosenzweig will have to provide much more information than he has to date.  Nor does the Court find merit in Thacker's obfuscation of prior discovery rulings made during the MDL by Magistrate Judge Seifert in the Southern District of West Virginia.  This Court would agree with the logic set forth in *Smith v. Ethicon, Inc.*, No. 3:20-cv-851, 2020 WL 6044548 (D. Oregon Oct. 13, 2020).

> [T]his court did not receive this case from the MDL anew …. . The stated purpose of coordinating pretrial proceedings in MDL actions is to "promote the just and efficient conduct of such actions." To further that end, district courts within the Ninth Circuit have applied law the of case to MDL cases to promote the policies of judicial economy and finality. "The parties generally accept, and the Court will generally follow, the MDL court's holdings."

*Id*. at * 3 (internal citations omitted). To the extent Judge Seifert has made discovery rulings that have a direct and/or persuasive impact on discovery issues before this Court, the Court will treat those as the law of the case.[1] Regardless, though, the likely discoverability of the sought compensation details via a Rule 45 mechanism does not bring them within Rule 26's expert disclosure ambit.

Next, Ethicon leans heavily on the fact that by attaching the requested information to a notice of deposition in this case that the Court is invited to exercise jurisdiction despite FED. R. CIV. P. 45. The Court, however, declines the invitation. To accept such an approach would abrogate the entire purpose of FED. R. CIV. P. 45 by allowing a party to simply attach the subpoena to a notice, file it in each case, and then feign jurisdiction. Such a process is inconsistent with the discovery Rules and blatantly contravenes Rule 45's locational requirements. Ethicon's subpoena seeks documentary and other evidence from a non-party; Rule 45 squarely pertains to the request and is, in this posture, the appropriate vehicle for the information Ethicon seeks.

FED. R. CIV. P. 45—the third path—provides the mechanism for compelling non-parties to produce testimony. However, the Rule specifies that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." FED. R. CIV. P. 45(d)(2). Rule 45(c) makes clear that the "district where compliance is required" is any district within 100 miles of where that person

---

[1] To the extent another district court made a discovery ruling after a single case was remanded, the Court will view those decision as persuasive authority like any other precedent, but will not treat those decisions as law of the case.

resides, is employed, or regularly does business. FED. R. CIV. P. 45(c)(2)(A). This means that any motion to compel production of documents requested by subpoena must be made in the court where compliance is required. *See*, *e.g.*, *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018); *In re Packaged Seafood Products Antitrust Litigation*, No. CV 17-2856-CAS (ASx), 2018 WL 454440, at *1 (S.D. Cal., Jan. 17, 2018); *CSS, Inc. v. Herrington*, No. 3:17-mc-71-N-BN, 2017 WL 4750707, at *6 (N.D. Tex., Oct. 20, 2017) ("the place named in the subpoena as required by Rule 45(a)(1)(A)(iii) is the place 'where compliance is required.'").

Here, the subpoena is to Dr. Rosenzweig, who resides in Chicago, Illinois, commanding him to produce documents in Chicago, Illinois. Simply put, Ethicon must seek information from Dr. Rosenzweig in the Northern District of Illinois. Moreover, Rule 45 does not explicitly distinguish between a party's expert and a non-party in enforcing the "place of compliance" requirement. *See EMW Women's Surgical Center, P.S.C. v. Meier*, No. 3:18-cv-224, 2018 WL 10215971 (W.D. Ky. Nov. 9, 2018) (deferring jurisdiction on subpoenas to expert witnesses to be litigated where those experts reside); *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 WL 12639859, at *3-4 (M.D. Fl. Aug. 29, 2014) (finding that "a subpoena is an appropriate means of obtaining relevant and discoverable information and materials from an expert witness[.]"); *D'Souza v. Marmaxx Operating Corp.*, No. 15-cv-256, 2017 WL 1322243, at *5 (W.D. Tex. Apr. 17, 2017) (remarking that the Advisory Committee Notes to the 1993 and 2010 amendments to the Rules demonstrate that "subpoenas duces tecum are permissible to obtain further discovery from a testifying expert").

Because Ethicon did not bring its Motion to Compel in the "district of compliance" under Rule 45, this Court cannot directly enforce Dr. Rosenzweig's compliance with the referenced non-party subpoena. *See Trover Group, Inc. v. Dedicated Micros USA*, 2015 WL 11117083, at *1-2

(E.D. Tex. Mar. 27, 2015) (collecting cases); *Cardinal Aluminum Co. v. Continental Cas. Co.*, No. 3:14-CV-857-TBR-LLK, 2015 WL 4483991, at *1-2 (W.D. Ky. July 22, 2015). And, for the reasons stated, the Court finds Thacker's own expert disclosure obligations otherwise met in this context. Ultimately, the Court lacks jurisdiction to compel the (albeit relevant and discoverable) additional expert compensation information Ethicon here seeks.

### III.    CONCLUSION

As thoroughly discussed in this Opinion, the Court **ORDERS** that Ethicon's Motion to Compel [DE 111] is **DENIED**. To the extent Ethicon seeks to compel production of the information from Dr. Rosenzweig, Ethicon must seek relief in the Northern District of Illinois.

The undersigned enters this Memorandum Opinion pursuant to 28 U.S.C. § 636(b)(1)(A). Within fourteen (14) days after being served with a copy of this Memorandum Opinion, either party may appeal this decision to the presiding District Judge pursuant § 636(b)(1)(A) and FED. R. CIV. P. 72(a).

Entered this 9th day of November, 2021.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge