UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **CONNIE J. THACKER,** | CIVIL ACTION NO. 5:20-cv-50-KKC |
|     **Plaintiff,** | |
| **V.** | **OPINION & ORDER** |
| **ETHICON INC., et al.,** | |
|     **Defendants.** | |

*** *** ***

This matter is before the Court on plaintiff Connie Thacker's motion to exclude or limit certain opinions and testimony of Defendants' expert, Salil Khandwala, M.D. (DE 160.)

## I.   Factual Background

Connie Thacker is one of tens of thousands of individuals who have filed suit against Ethicon for injuries after treatment with Ethicon's pelvic mesh devices. Thacker's case was consolidated into the Ethicon MDL in the Southern District of West Virginia. While in the MDL court, Thacker's case was placed on the inactive docket while Thacker was negotiating a settlement agreement with Ethicon. Despite these negotiations, a settlement was never reached, and Thacker's case was remanded to this Court. Because of this, the MDL court's rulings are not binding on this case. The Court, however, does find them persuasive.

After the case was remanded, Judge Hood granted summary judgment in favor of Defendants. (DE 268.) The Sixth Circuit then reversed that decision and remanded the case for further proceedings. A jury trial is now set for November 3, 2025.

In preparation for trial, the parties' advised the Court that certain motions to exclude require rulings. This opinion addresses Thacker's motion asking the Court to preclude

1

defense expert Dr. Salil Khandwala from offering testimony on certain subjects. Dr. Khandwala is board-certified in obstetrics and gynecology with a subspecialty board certification in female pelvic medicine and reconstructive surgery.

## II. Analysis

Under Federal Rules of Evidence 702, an expert witness may testify if

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702(a)–(d).

A court is charged with a "gatekeeping function" to ensure expert testimony is both reliable and relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). The test for determining reliability is flexible and can adapt to the particular circumstances underlying the testimony at issue. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-51 (1999).

### a. Dr. Khandwala's testimony regarding design process and control standards

Thacker first argues that Dr. Khandwala's testimony regarding design process and control standards should be excluded. Since filing her motion, however, the parties have agreed that Dr. Khandwala's expert report does not contain opinions concerning Ethicon's compliance with design control and risk management standards. (DE 295.) Accordingly, the Court denies Thacker's request to exclude this testimony as moot.

### b. Dr. Khandwala's testimony regarding degradation and contraction in the Ethicon mesh devices

Thacker next argues that Dr. Khandwala's testimony regarding degradation and contraction in the mesh devices at issue should be excluded. Dr. Khandwala is expected to

testify that Ethicon's pelvic mesh devices do not degrade or contract. Thacker argues that this testimony should be excluded because it is unreliable.

"[T]he requirement that an expert's testimony be reliable means that it must be 'supported by appropriate validation—i.e., "good grounds," based on what is known.'" *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008) (quoting *Daubert,* 509 U.S. at 590). "The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation." *Id.* at 529–30 (citing Fed. R. Evid. 702). Thacker argues that Dr. Khandwala's opinions on degradation and contraction are not reliable because they are based on (1) his statement that he "does not believe," in those issues with respect to Ethicon's mesh devices; and (2) a flawed methodology. (DE 160 at 4–7.) For the following reasons, however, the Court finds that Dr. Khandwala's opinions that Ethicon's pelvic mesh devices do not degrade or contract is reliable.

Put plainly, Dr. Khandwala's opinions regarding degradation and contraction do not rest on unsupported speculation or a flawed methodology. Rather, in his report (DE 60-3), Dr. Khandwala states that his opinions on these subjects are based on his review of several studies and his own clinical experience using similar mesh devices. He also makes several citations to scientific literature. For example, with respect to his opinion on degradation, Dr. Khandwala states that "I have never seen [degradation] in my personal experience using this sling in over 300 cases spanning a period of 10 years and recent published scientific literature has found that Prolene mesh in fact does not degrade [citation omitted]." (DE 60-3 at Page ID# 3159.) Dr. Khandwala's opinion regarding contraction of Ethicon's mesh devices is similarly based. (See DE 60-3 at Page ID# 3159–60.) On these facts, the Court breaks no new ground in finding that Dr. Khandwala's testimony is supported by appropriate validation and rests on a sufficient methodology. *E.g., Eghnayem v. Boston Sci. Corp.*, 57 F. Supp. 3d 658,

714 (S.D. W. Va. 2014) (holding that a physician's "knowledge, experience, and review of scientific literature provide sufficiently reliable bases for his opinions under *Daubert*.").

### c. Dr. Khandwala's testimony regarding mesh porosity and stiffness

Thacker finally argues that Dr. Khandwala's testimony regarding mesh porosity and stiffness should be excluded. Specifically, Thacker suggests that Dr. Khandwala's opinions on porosity and stiffness are unreliable because he "has never published on the porosity of mesh and has never personally examined the pore size of any of the Ethicon meshes absent observations with the naked eye." (DE 160 at 8.) Thacker argues that such gross examinations, on their own, are insufficient to render Dr. Khandwala's opinions on porosity and stiffness reliable.

For support, Thacker cites an opinion from the MDL Court, which held that basing an opinion on the occasional examination of products "is not a reliable scientific methodology to reach . . . generalized conclusions." *Tyree v. Boston Scientific Corp.*, No. 2:12–cv–08633, 2014 WL 5486694, at *67 (S.D.W.V. Oct. 29, 2014). Dr. Khandwala's testimony, however, is not solely based on the occasional examination of Ethicon's products. Rather, the portion of his report that Thacker challenges demonstrates that Dr. Khandwala's testimony on this subject is based on his knowledge relating to the conditions of Ethicon's mesh products in cases where they are correctly implanted. And Dr. Khandwala's knowledge on that subject was derived from both clinical and scholarly review. In fact, his expert report is replete with references to not only his own clinical experience as the basis for his knowledge relating to the conditions of Ethicon's mesh products after implantation, but it also includes numerous references to his review of relevant articles, studies, and other materials. Accordingly, the Court rejects Thacker's argument and finds that Dr. Khandwala's testimony regarding mesh porosity and stiffness is reliable.

4

### III. Conclusion

Based on the foregoing, the Court hereby ORDERS that the plaintiff's motion to exclude the opinions and testimony of Salil Khandwala, M.D. (DE 160) is DENIED.

July 1, 2025

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY