UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **CONNIE J. THACKER,** | CIVIL ACTION NO. 5:20-cv-50-KKC |
| **Plaintiff,** | |
| V. | **OPINION & ORDER** |
| **ETHICON INC., et al.,** | |
| **Defendants.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the Defendants' motion to exclude or limit certain testimony of plaintiff Connie Thacker's expert, Bruce Rosenzweig, M.D. (DE 161.)

### I. Factual Background

Connie Thacker filed suit against Ethicon for injuries after treatment with Ethicon's pelvic mesh devices. Thacker's case was consolidated into the Ethicon MDL in the Southern District of West Virginia. While in the MDL court, Thacker's case was placed on the inactive docket. Because of this, the MDL court's rulings are not binding on this case. The Court, however, does find them persuasive.

Eventually, Thacker's case was remanded to this Court. Judge Hood granted summary judgment in favor of Defendants. (DE 268.) The Sixth Circuit then reversed and remanded the case for further proceedings. A jury trial is now set for November 3, 2025.

This opinion addresses the Defendants' motion to exclude or limit Thacker's expert, Bruce Rosenzweig, M.D., from offering testimony on certain subjects. Dr. Rosenzweig is a urogynecologist who has provided expert testimony on general causation issues in the Ethicon MDL and other pelvic mesh MDLs.

1

## II. Prior orders concerning Dr. Rosenzweig's testimony

The Defendants' motion asks for several portions of Dr. Rosenzweig's anticipated testimony to be excluded, including: (1) general causation opinions; (2) opinions regarding Ethicon's state of mind, knowledge, and conduct; (3) opinions stating legal conclusions or containing legal terms of art; (4) opinions regarding the adequacy of Ethicon's product warnings; (5) opinions regarding the adequacy of Dr. Guiler's informed consent process for Thacker; (6) opinions regarding alleged safer alternative designs; (7) opinions regarding the necessity or reasonableness of Thacker's medical bills; (8) opinions regarding Thacker's future prognosis, and (9) any opinions or testimony regarding Thacker's quality of life. Many of these issues and the arguments made in favor of exclusion have been addressed by prior orders of this Court and are therefore moot:

- (1) Dr. Rosenzweig's general causation opinions **permitted** by the Court in Docket Entry No. 297;

- (2) Dr. Rosenzweig's testimony regarding Ethicon's state of mind, knowledge, and conduct **precluded** by the Court in Docket Entry No. 302;

- (3) Dr. Rosenzweig's opinions stating legal conclusions **precluded** by the Court in Docket Entry No. 302;

- (4) Dr. Rosenzweig's opinions regarding the adequacy of Ethicon's warnings **permitted** by the Court in Docket Entry No. 302;

- (5) Dr. Rosenzweig's opinions regarding Dr. Guiler's informed consent process **permitted** (to the extent the testimony focuses on whether Ethicon adequately disclosed the risks and complication of its products to physicians, including Dr. Guiler and does not stray into Dr. Guiler's state of mind) by the Court in Docket Entry No. 297;

2

- (6) Dr. Rosenzweig's testimony regarding alternative designs **permitted** in part, **precluded** in part, and **deferred** in part until evidence is proffered in context during trial by the Court in Docket Entry No. 302;

- (7) Dr. Rosenzweig's testimony regarding the necessity or reasonableness of Thacker's medical bills **precluded** by admission of Thacker that she will not elicit such testimony from Dr. Rosenzweig by the parties' stipulation at Docket Entry No. 295; and

- (9) Dr. Rosenzweig's testimony regarding Thacker's quality of life **precluded** by admission of Thacker that she will not elicit such testimony from Dr. Rosenzweig pursuant to Docket Entry No. 224.

As a result of the foregoing, only the Defendants' request that Dr. Rosenzweig's testimony regarding Thacker's future prognosis be excluded remains an active dispute. The Court will consider that issue now.

### III.   Analysis

Under Federal Rules of Evidence 702, an expert witness may testify if

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702(a)–(d).

A court is charged with a "gatekeeping function" to ensure expert testimony is both reliable and relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). The test for determining reliability is flexible and can adapt to the particular circumstances underlying the testimony at issue. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-51 (1999).

The Defendants concede that Dr. Rosenzweig's opinions about Thacker's prognosis are within his areas of expertise and stated within a reasonable degree of medical certainty. They argue, however, that portions of his anticipated testimony on this subject are (1) speculative and (2) unreliable. Thacker opposes these objections in her response, and the Defendants notably fail to address Thacker's response to these issues in their reply. Nevertheless, the Court will consider each objection in turn.

First, the Defendants argue that Dr. Rosenzweig's statement that "Thacker may need additional surgery to remove any remaining mesh as well as the possibility of additional vaginal surgeries for vaginal scarring, pelvic pain, and recurrent infections, and will likely continue to suffer other injuries," is too speculative. (DE 161-1 at Page ID# 3304.) Specifically, the Defendants take issue with what they perceive as equivocated language in the quoted portion of Dr. Rosenzweig's report. (DE 161 at 19) (Defendants emphasizing the words "may," "possibility," and "will likely," in the excerpt of Dr. Rosenzweig's opinion quoted above to highlight the speculative nature of his testimony.) For support, the Defendants cite caselaw standing for the proposition that an expert's opinion must rise from "possible" to "probable" to be admissible. (*Id*.) They otherwise cite no caselaw or evidence demonstrating that Dr. Rosenzweig's opinion quoted above lacks support.

The Court agrees with the Defendants that an expert's opinion must rise from "possible" to "probable" but ultimately rejects their conclusion. It is clear from the Defendants' lack of citation to the record, admission that Dr. Rosenzweig's prognosis opinions are within his expertise, and failure to reply to Thacker's response on this issue that this is a dispute over *semantics* rather than some fundamental flaw in Dr. Rosenzweig's testimony. Accordingly, the Court will permit the testimony quoted above, and any equivocation by Dr. Rosenzweig at trial can be dealt with on cross-examination or with a timely objection.

4

The Defendants next argue that Dr. Rosenzweig's opinion that Thacker requires a continuum of care that "could range anywhere from 6 months to 5 years" and that such care would be "socially disruptive, very expensive, and not usually covered by insurance," is unreliable. They suggest Dr. Rosenzweig's opinion is baseless and lacks tailoring to this case. Thacker disagrees and cites portions of Dr. Rosenzweig's report explaining his opinion on her continuum of care is based on his "medical education, experience, [ ] review of the currently available medical literature, [and] Ms. Thacker's medical records[.]" (DE 161-1 at Page ID# 3304.) Again, the Defendants notably fail to address Thacker's argument in their reply.

The Court finds that Dr. Rosenzweig's opinion on Thacker's required continuum of care is reliable and therefore admissible. "[T]he requirement that an expert's testimony be reliable means that it must be 'supported by appropriate validation—i.e., "good grounds," based on what is known.'" *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008) (quoting *Daubert,* 509 U.S. at 590). "The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation." *Id*. at 529–30 (citing Fed. R. Evid. 702). Put plainly, the challenged portion of Dr. Rosenzweig's report is based on a reliable foundation rather than unsupported speculation. He explains that his opinion is based on his education, experience, review of relevant literature, and review of Thacker's medical records. This is more than sufficient to render his opinion on Thacker's required continuum of care reliable. *See Sexton v. Ethicon, Inc.*, No. 5:20-CV-282, 2021 WL 4138399 (E.D. Ky. Sept. 10, 2021) (explaining that Dr. Rosenzweig's opinion about the plaintiff's prognosis was reliable if "supported by his experience and knowledge as to how many people with injuries like Plaintiff's require future surgeries and continue to suffer from their injuries.").

5

**IV.     Conclusion**

Based on the foregoing, it is hereby ORDERED that the defendant's motion to exclude certain opinions and testimony of Bruce Rosenzweig, M.D. (DE 161) is DENIED.

This 8th day of July, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY