UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **CONNIE J. THACKER,** **Plaintiff,** V. **ETHICON INC., et al.,** **Defendants.** | **CIVIL ACTION NO. 5:20-cv-50-KKC** **OPINION & ORDER** |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on plaintiff Connie Thacker's motion to exclude or limit certain opinions and testimony of Defendants' expert, John Wagner, M.D. (DE 162.)

## I. Factual Background

The factual background for this matter is set forth in detail in the Court's opinion and order entered on July 8, 2025. (DE 307.) This opinion addresses plaintiff Connie Thacker's motion asking the Court to preclude defense expert Dr. John Wagner from offering testimony on certain subjects. Dr. Wagner is board-certified in obstetrics and gynecology with a subspecialty board certification in pelvic floor medicine and reconstructive surgery.

## II. Analysis

Under Federal Rules of Evidence 702, an expert witness may testify if

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702(a)–(d).

1

A court is charged with a "gatekeeping function" to ensure expert testimony is both reliable and relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). The test for determining reliability is flexible and can adapt to the particular circumstances underlying the testimony at issue. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-51 (1999).

### a. Dr. Wagner's testimony regarding design process and control standards

Thacker argues that Dr. Wagner's testimony regarding design process and control standards should be excluded. Since filing her motion, however, the parties have agreed that Dr. Wagner's expert report does not contain opinions concerning Ethicon's compliance with design control and risk management standards. (DE 295.) Accordingly, the Court denies Thacker's request to exclude this testimony as moot.

### b. Dr. Wagner's testimony that certain risks of the Prolift and TVT-S devices are widely known by other surgeons

Thacker also argues that Dr. Wagner's testimony that certain risks of the Prolift and TVT-S devices are widely known by other surgeons is unreliable. "[T]he requirement that an expert's testimony be reliable means that it must be 'supported by appropriate validation—i.e., "good grounds," based on what is known.'" *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008) (quoting *Daubert,* 509 U.S. at 590). "The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation." *Id.* at 529–30 (citing Fed. R. Evid. 702).

The parties anticipate that Dr. Wagner will testify that certain risks involved with using the Prolift and TVT-S devices were commonly known by other surgeons in his field (and thus did not need to be included in Ethicon's product warnings). While Thacker acknowledges

2

that Dr. Wagner may properly opine on such risks as he understands them, she contends that he goes too far by opining on what risks were commonly known by other surgeons. More specifically, Thacker argues that Dr. Wagner cannot testify as to what was commonly known by other surgeons because "Dr. Wagner did not conduct any empirical research or interview other physicians to verify the veracity of his opinion." (DE 162 at Page ID# 3828.)

Ultimately, the Court rejects Thacker's argument and finds that Dr. Wagner's testimony that certain risks of the Prolift and TVT-S are widely known by other surgeons is reliable. Dr. Wagner's opinion regarding the common knowledge of pelvic surgeons is reliable because it is based on his medical training to become a pelvic surgeon—which is the same training regimen he represents is common to every pelvic surgeon. (DE 219 at 4–5.) This training, along with his review of relevant medical literature, provides "appropriate validation," for Dr. Wagner's opinion concerning the common knowledge of pelvic surgeons and renders his testimony reliable. *Daubert,* 509 U.S. at 590. In reaching this conclusion, the Court joins several opinions from the MDL Court in holding that Dr. Wagner can testify about the common knowledge of other medical professionals in his field. *See, e.g.*, *In re C. R. Bard, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, No. MDL 2187, 2018 WL 4220671, at *5 (S.D.W. Va. Sept. 5, 2018).

### c. Dr. Wagner's testimony regarding the properties of the mesh used in the TVT-S and Prolift

Thacker next argues that Dr. Wagner's testimony regarding the properties of the mesh used in Ethicon's devices is unreliable. Specifically, Thacker takes issue with the reliability of Dr. Wagner's opinion that the mesh involved "is a safe and effective material." (DE 266 at 3.) Thacker suggests that this opinion is unreliable because Dr. Wagner lacks the appropriate qualifications to form such an opinion: namely, she takes issue with his lack of training in biomedical engineering, pathology, epidemiology, or medical device design.

3

Thacker's objection to this portion of Dr. Wagner's testimony is seemingly identical to an objection raised by the Waive 4 plaintiffs in the MDL Court. There, the plaintiffs similarly argued that Dr. Wagner was not qualified to offer testimony on mesh properties "because he is not a biomedical engineer, pathologist, epidemiologist, or expert in device design." (DE 162-4 at Page ID# 3871.) The MDL Court held that Dr. Wagner's testimony on mesh properties was reliable because (1) he "has performed thousands of pelvic mesh procedures and treated patients experiencing complications," and (2) his lack expertise in the areas identified by the plaintiffs did "not render [him] unqualified[.]" (*Id*.) The Court finds the MDL Court's reasoning persuasive and therefore adopts it as its own here. As the MDL Court put it, Dr. Wagner's "extensive clinical experience, combined with his review of peer-reviewed literature, qualifies [him] to opine on mesh's reaction to and effect on the human body." (*Id*. at 3872.) Accordingly, the Court finds that Dr. Wagner's testimony regarding the properties of the mesh used in Ethicon's devices is reliable.

### III.   Conclusion

Based on the foregoing, it is hereby ORDERED that the plaintiff's motion to exclude or limit the testimony of John Wagner, M.D. (DE 162) is DENIED.

This 8th day of July, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY